IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DMITRY POLUNIN; EVGENY BARZOV; TIMUR KHARCHENKO,<br><br>    Plaintiffs,<br><br>    vs.<br><br>MIKHAIL FEDOTOV; DOES 1-20; DOE CORPORATIONS 1-20; DOE PARTNERSHIPS 1-20; DOE ENTITIES 1-20,<br><br>    Defendant. | Civ. No. 16-00664 HG-KSC |

**ORDER GRANTING DEFENDANT MIKHAIL FEDOTOV'S MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION (ECF No. 8)**

Plaintiffs Dmitry Polunin, Evgeny Barzov, and Timur Kharchenko filed a Complaint alleging state law breach of contract claims against Defendant Mikhail Fedotov.

The Complaint alleges Plaintiffs are citizens of the Russian Federation.

The Complaint does not contain an allegation as to Defendant Fedotov's citizenship. The Complaint alleges Defendant Fedotov is a permanent resident of the United States of America and a resident of the State of Hawaii.

Defendant Fedotov filed a Motion to Dismiss for lack of subject-matter jurisdiction. Defendant asserts he is a

1

citizen of the Russian Federation, just as are all three Plaintiffs. Defendant argues that there is no diversity jurisdiction and that the Court lacks subject-matter jurisdiction over the Complaint.

Defendant's Motion to Dismiss (ECF No. 8) is **GRANTED**.

## PROCEDURAL HISTORY

On December 20, 2016, Plaintiffs filed a Complaint. (ECF No. 1).

On January 27, 2017, Defendant filed DEFENDANT MIKHAIL FEDOTOV'S MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION. (ECF No. 8).

On February 13, 2017, Plaintiffs filed PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT MIKHAIL FEDOTOV'S MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION. (ECF No. 12).

On February 27, 2017, Defendant filed DEFENDANT MIKHAIL FEDOTOV'S MEMORANDUM IN REPLY TO PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT MIKHAIL FEDOTOV'S MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION. (ECF No. 16).

On March 28, 2017, the Court held a hearing on Defendant's Motion to Dismiss.

**BACKGROUND**

Plaintiffs Dmitry Polunin, Evgeny Barzov, and Timur Kharchenko state they are citizens of the Russian Federation. (Complaint at ¶¶ 1-3, ECF No. 1).

The Complaint does not contain an allegation as to Defendant Mikhail Fedotov's citizenship. The Complaint states that Defendant Fedotov is "a permanent resident of the United States and a current resident of the State of Hawaii." (Id. at ¶ 4). Defendant Fedotov submitted an affidavit stating that he is a citizen of the Russian Federation. (Affidavit of Defendant Mikhail Fedotov at ¶ 3, attached to Def.'s Motion to Dismiss, ECF No. 8-2).

The Complaint contains two state law claims against Defendant Fedotov. (Complaint at ¶¶ 33-38, ECF No. 1).

**Count I**

Count I is a state law claim for Breach of Contract by Plaintiffs Polunin and Barzov against Defendant Fedotov. (Id. at ¶¶ 33-35).

Plaintiffs claim Defendant Fedotov is a member and sole manager of Envy Hawaii, LLC, a limited liability company selling automobiles in Hawaii. (Id. at ¶¶ 9-10).

The Complaint states that in 2012, Plaintiffs Polunin and

Barzov each purchased an interest in Envy Hawaii, LLC. (Id. at ¶¶ 8-9, 11-12). Plaintiffs Polunin and Barzov allege that in 2014, they entered into an agreement with Defendant Fedotov for him to purchase their combined interests in Envy Hawaii, LLC. (Id. at ¶¶ 13-17). Plaintiffs Polunin and Barzov claim Defendant Fedotov did not make sufficient payments to them and failed to comply with the terms of the agreement. (Id. at ¶¶ 16-17, 22-35).

**Count II**

Count II is a state law claim for Breach of Contract by Plaintiff Kharchenko against Defendant Fedotov. (Id. at ¶¶ 36-38).

Plaintiff Kharchenko alleges he entered into a loan agreement with Defendant Fedotov for $750,000. (Id. at ¶¶ 18-19). Plaintiff Kharcheko claims Defendant Fedotov failed to make any payment on the loan. (Id. at ¶¶ 21, 36-38).

## STANDARD OF REVIEW

A plaintiff has the burden of proving that subject-matter jurisdiction does in fact exist. Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979).

4

Federal Rule of Civil Procedure 12(b)(1) requires that a case must be dismissed for lack of subject-matter jurisdiction when the Court lacks a constitutional or statutory basis to adjudicate the controversy. Fed. R. Civ. P. 12(b)(1); Leeson v. Transamerica Disability Income Plan, 671 F.3d 969, 975 (9th Cir. 2012).

A challenge to the Court's subject-matter jurisdiction may be "facial or factual." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, the party challenging jurisdiction argues that the allegations contained in a complaint are insufficient "on their face" to invoke federal jurisdiction. Id. A facial challenge, therefore, mirrors a traditional motion to dismiss analysis. The Court must take all allegations contained in the pleading "to be true and draw all reasonable inferences in [its] favor." Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004).

In a factual attack, the party challenging jurisdiction argues that the facts in the case, notwithstanding the allegations in the Complaint, divest the Court of subject-matter jurisdiction. See White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). No presumptive truthfulness attaches to the Complaint's allegations. Id. The party challenging

jurisdiction presents "affidavits or other evidence properly brought before the court" indicating that subject-matter jurisdiction is lacking. Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). The burden then shifts to "the party opposing the motion [to] furnish affidavits or other evidence to satisfy its burden of establishing subject-matter jurisdiction." Id.; Colwell v. Dep't of Health and Human Serv., 558 F.3d 1112, 1121 (9th Cir. 2009). Failure to present suitable evidence establishing subject-matter jurisdiction necessitates dismissal. Moore v. Maricopa Cnty. Sheriff's Office, 657 F.3d 890, 895 (9th Cir. 2011).

## **ANALYSIS**

Federal district courts are courts of limited jurisdiction. They have no jurisdiction without specific constitutional or statutory authorization. Exxon Mobil Corp. v. Allapattah Servs., 545 U.S. 546, 552 (2005). A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject-matter jurisdiction. Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996).

Subject-matter jurisdiction is conferred on federal courts either through federal question jurisdiction pursuant

to 28 U.S.C. § 1331 or through diversity jurisdiction pursuant to 28 U.S.C. § 1332. Peralta v. Hispanic Bus., Inc., 419 F.3d 1064, 1068 (9th Cir. 2005).

## I. Federal Question Jurisdiction

A plaintiff properly invokes federal question jurisdiction by pleading a colorable claim arising under the Constitution or laws of the United States. Arbaugh v. Y & H Corp., 546 U.S. 500, 513 (2006).

Failure to establish federal question jurisdiction under 28 U.S.C. § 1331 is not the same thing as failure to state a claim under federal law. Bollard v. Cal. Province of the Soc. of Jesus, 196 F.3d 940, 951 (9th Cir. 1999); see Arbaugh, 546 U.S. at 516. Any non-frivolous assertion of a federal claim suffices to establish federal question jurisdiction, even if that claim is later dismissed on the merits. Bollard, 196 F.3d at 951.

Plaintiffs have not pled a colorable claim arising under the Constitution or the laws of the United States.

Plaintiffs do not invoke the Court's jurisdiction based on federal question jurisdiction. Plaintiffs claim there is subject-matter jurisdiction based on diversity jurisdiction. (Complaint at ¶ 7, ECF No. 1).

7

## II. Diversity Jurisdiction

Diversity jurisdiction exists when there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996).

The diversity statute, as amended in 2011, states, as follows:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
> (1) citizens of different States;
>
> (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;
>
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
>
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332(a) (2011).

### A. The District Court Lacks Diversity Subject-Matter Jurisdiction In Suits Between Aliens

The United States Supreme Court has long held that "the courts of the United States have no jurisdiction of cases between aliens." Montalet v. Murray, 8 U.S. 46, 47 (1807); Kramer v. Caribbean Mills, Inc., 394 U.S. 823, 824 n.2 (1969).

Diversity jurisdiction does not encompass foreign plaintiffs suing foreign defendants. Faysound Ltd. v. United Coconut Chemicals, Inc., 878 F.2d 290, 294 (9th Cir. 1989).

Plaintiffs contend there is diversity jurisdiction in this case. Plaintiffs claim there is complete diversity between the Parties because the Plaintiffs are all citizens of the Russian Federation and Defendant Fedotov is an alien lawfully admitted for permanent residence to the United States and residing in the State of Hawaii. (Pla.'s Opp. at pp. 3-4, ECF No. 12). Plaintiffs contend that as a legal permanent resident, Defendant should be treated as a citizen of the State of Hawaii. (Id. at p. 3).

Plaintiffs are incorrect. Defendant presents a factual attack to subject-matter jurisdiction and has submitted an affidavit indicating that subject-matter jurisdiction is lacking. Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). Defendant Fedotov submitted an affidavit stating that he is a citizen of the Russian Federation. (Affidavit of Mikhail Fedotov at ¶ 3, attached to

Def.'s Motion to Dismiss, ECF No. 8-2). In a suit between aliens Defendant Fedotov is not treated as a citizen of Hawaii for purposes of diversity jurisdiction. See W. Schwarzer, A. Tashima, J. Wagstaffe, Federal Civil Procedure Before Trial §§ 2:1492, 2:1514 (2016); 14A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3661 (4th ed. 2013).

There is no diversity jurisdiction in this case because it involves a suit exclusively between aliens who are citizens of the Russian Federation.

Section 1332(a) does not confer jurisdiction over suits solely between aliens. Faysound Ltd., 878 F.2d at 294; Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A., 20 F.3d 987, 990-91 (9th Cir. 1994) ("diversity jurisdiction does not encompass a foreign plaintiff suing foreign defendants"); see Guan v. Bi, 2014 WL 953757, *6 (N.D. Cal. Mar. 6, 2014); Shovlin v. Careless, 2013 WL 3354544, *7 (N.D. Cal. June 26, 2013); Global Discoveries, Ltd., 2013 WL 4377766, at *2.

**B. The Decision By The Nevada District Court In Aiken v. Snee Is Not Applicable**

Plaintiffs rely on a Findings and Recommendation issued by a Magistrate Judge that was adopted by the District Court for the District of Nevada in Aiken v. Snee, 2015 WL 2097543,

at *5-6 (D. Nev. May 5, 2015).  The Aiken decision is not persuasive.  The 2015 decision in Aiken applied an out-of-date version of the federal diversity statute.

Between 1988 and 2012, the diversity statute included the following language:

> For the purposes of this section ... an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled.

See 1988 Amendment to 28 U.S.C. § 1332(a), Pub. L. No. 100-702, § 203(b), 102 Stat. 4642, 4646 (1988).

Courts generally referred to this clause as the "deeming" clause.  Yokeno v. Sekiguchi, 754 F.3d 649, 652-53 (9th Cir. 2014).

The deeming clause was removed from the diversity statute by Congress pursuant to the 2011 Amendment to 28 U.S.C. § 1332.  Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, § 101, 125 Stat. 758 (2011) ("2011 Amendment"); H.R. Rep. No. 112-10 (2011), 2011 WL 484052, at *7.

The 2011 Amendment went into effect on January 6, 2012. 28 U.S.C. § 1332; Pub. L. No. 112-63, § 105 (stating that the amendment shall take effect 30-days after December 7, 2011). The 2015 decision in Aiken was based on the deeming clause language even though the language had been deleted from the

11

diversity statute in 2011.

Plaintiffs' reliance on the holding in Aiken is misplaced. The deeming clause does not apply to this case. Guan, 2014 WL 953757, *6.

### C. The Decision By The Ninth Circuit Court of Appeals In Yokeno v. Sekiguchi Is Not Applicable

Plaintiffs' reliance on the Yokeno case is also misplaced because the deeming clause was deleted from the diversity statute before the claims arose in this case. Yokeno v. Sekiguchi, 754 F.3d 649, 652 (9th Cir. 2014).

In Yokeno, the plaintiff was a Japanese citizen who was an alien lawfully admitted for permanent residence who was living in Guam. Id. at 651. Both the Plaintiff and the Defendants were aliens. Id. at 653.

The appeals court examined the deeming clause and found that although the plain reading of the clause seemed to indicate that Yokeno should be deemed a citizen of Guam, it held that conferring jurisdiction in a suit between aliens would be constitutionally impermissible. Id. at 654. The Ninth Circuit Court of Appeals ruled that despite the language in the deeming clause, the district court lacked jurisdiction over the suit. Id.

The Constitution does not grant Article III Courts diversity jurisdiction in suits between aliens.

Defendant Mikhail Fedotov's Motion to Dismiss For Lack of Subject-Matter Jurisdiction (ECF No. 8) is **GRANTED**.

Plaintiffs are unable to cure the deficiencies in diversity jurisdiction by amendment. Amendment is not permitted as granting leave to amend would be futile. Forman v. Davis, 371 U.S. 178, 182 (1962); Pierre v. So. Cal. Permanent Medical Group, 2016 WL 6917280, *2 (C.D. Cal. Jan. 13, 2016) (denying leave to amend because diversity jurisdiction did not exist and any amendment to the complaint regarding diversity jurisdiction would be futile).

Plaintiffs' Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE** for lack of federal jurisdiction.

## CONCLUSION

Defendant's Motion to Dismiss (ECF No. 8) is **GRANTED**.

Plaintiffs' Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE** for lack of federal jurisdiction.

//

//

//

The Clerk of the Court is **ORDERED** to **CLOSE THE CASE**.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 29, 2017.



_____
Helen Gillmor
United States District Judge